United States District Court
Southern District of Texas
**ENTERED**
August 07, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALEX ADAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00076 |
| | § | |
| UNITED STATES POSTAL SERVICE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court are two motions filed by Plaintiff Alex Adams, proceeding *pro se* and *in forma pauperis*: a "motion for injunction" and to present exhibits; and a "motion for order to reinstate injunction."  (Doc. Nos. 65, 66.)  Plaintiff is a prisoner in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID") and is currently housed at the McConnell Unit in Beeville, Texas.  Because final judgment has already been entered in this case, Plaintiff's motions should be DENIED as moot.  Alternatively, if construed as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), Plaintiff's motions should be DENIED.

### A.  Petitioner's § 1983 action.

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff did not comply with court orders to supply the Court with an inmate trust fund account statement and did not provide sufficient facts to support his allegation that he was being prevented from doing so.  The undersigned recommended that Plaintiff's action be dismissed without prejudice, and also recommended denial of Plaintiff's pending motions as moot.  (Doc. No. 30.)  Plaintiff did not

1 / 5

describe in any of his documents how he had requested the trust fund account information, or on what date he made any such request.  Nor did Plaintiff provide any other relevant information to support his claim that the jail was preventing him from obtaining the required information.  The Court was very specific in its instructions to Plaintiff: Plaintiff was to describe in detail what steps he took to obtain his trust fund account from the unit law library.  (Doc. No. 14, pp. 1-2.) He was also to describe in detail why he believed he was not able to obtain the information.  *Id.* at 2.  Plaintiff never did any of those things.

On July 19, 2023, the district court adopted the undersigned's recommendation, dismissed Plaintiff's action, denied all of Plaintiff's pending motions as moot, and entered final judgment.  (Doc. Nos. 63, 64.)

### B.  Plaintiff's instant motions, like his other motions in this case, should be denied as moot.

On July 24, 2023, the Clerk docketed Plaintiff's two instant motions.  (Doc. Nos. 65, 66.) Plaintiff's motions, however, were filed by the clerk's office only after final judgment had already been entered.  *See* Doc. No. 64 (judgment entered on July 19, 2023); Doc. No. 65 (motion filed on July 24, signed on July 18); Doc. No. 66 (motion filed on July 24, signed on July 18).

Although docketed after entry of final judgment, because Plaintiff signed the motions the day before the district court's entry of final judgment, it is possible that said motions were placed in the prison mailing system on that same day.  (The envelope bears no legible postmark.)  If the motions were placed in the prison mailing system on July 18, then because of the prison mailbox rule, July 18 is the date on which those motions are deemed to have been filed.  *See Brown v. Taylor*, 829 F.3d 365, 369 (5th Cir. 2016) (citing *United States v. Young*, 966 F.2d 164, 165 (5th

Cir. 1992)).  If these two motions had actually been received and docketed before the entry of final judgment, the district court would likely have denied them as moot, just as it denied all of Plaintiff's other pending motions.  *See* Doc. No. 63, p. 3 (denying all pending motions, including all of Plaintiff's motions for injunctive relief and his motions to present exhibits at Doc. Nos. 10, 12, 15, 19, 20, 21, 22, 23, 25, 26, 28); Doc. No. 64.  The undersigned therefore recommends that the district court DENY these motions as moot as well.

Because Plaintiff's two instant motions were received after entry of judgment, the undersigned additionally explores below the possibility that these motions could be construed as Rule 59(e) motions to amend or alter the judgment.

### C.  If construed under Federal Rule of Civil Procedure 59(e), Plaintiff's motions should be denied.

Because they were received and docketed by the Clerk after entry of judgment in this case, Plaintiff's motions for injunctive relief could conceivably be construed as motions to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).[1]  That rule provides for relief based on calling "into question the correctness of a judgment."  *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017).  Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence."  *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted).  Such a motion can also be filed if there is an intervening change in the law.  *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012).  But a Rule 59(e) motion may not raise arguments or

---

[1]  Plaintiff's motions were docketed within 28 days after entry of judgment, so they would be considered timely if construed as motions under Rule 59(e).  "Such a motion is construed as one under Rule 59(e) if filed within 28 days of the judgment being challenged and as one under Rule 60(b) if filed more than 28 days after the challenged judgment."  *In re Franklin*, 832 F. App'x 340, 341 (5th Cir. 2020).

present evidence that could have been raised before entry of judgment.  *See Pogue v. Director, TDCJ-CID*, No. 3:20-CV-175-L-BT, 2023 WL 3324701, at *2 (N.D. Tex. May 9, 2023).

Even if his motions are construed under Rule 59(e), Plaintiff is entitled to no relief. Plaintiff does not allege or demonstrate any manifest error of law or fact – at most, he alleges, without providing any support for the assertion, that the justice system is treating him unfairly. *See* Doc. Nos. 65, 66.  Additionally, Plaintiff's general complaints about the prison law library remain the same, so these complaints cannot be characterized as newly discovered evidence.  All of the matters in the two motions could have been raised prior to entry of judgment.  Rule 59(e) relief is therefore not appropriate.

### D. Conclusion and recommendations.

The district court should DENY Plaintiff's motions (Doc. Nos. 65, 66) as moot. Alternatively, the district court should construe Plaintiff's filings as motions to alter or amend the judgment under Rule 59(e), and should DENY them.

### E. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **14 days** after being served with a copy of this Memorandum and Recommendation, any party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions that are accepted by the district court.  *See Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on August 7, 2023.

MITCHEL NEUROCK
United States Magistrate Judge