United States District Court
Southern District of Texas
**ENTERED**
June 07, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALEX ADAMS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00076 |
| | § | |
| UNITED STATES POSTAL SERVICE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Alex Adams filed a motion for reinstatement of his case. (Doc. No. 75.) The undersigned recommended denial of that motion, and Plaintiff has filed written objections to that recommendation. (Doc. Nos. 77, 79.) In a separate document, Plaintiff has now also filed a "motion for a injunction." (Doc. No. 80.) The motion has been referred to the undersigned. The undersigned recommends DENIAL of that motion.

Plaintiff's motion for injunction asks this Court to notify the United States Court of Appeals that Plaintiff's failure to follow the Fifth Circuit's instructions in two appellate cases was not Plaintiff's fault. *See generally* Doc. No. 80. Plaintiff explains that the Fifth Circuit ordered him to respond to that court's orders, but that because of deficiencies with the prison mail system he did not receive those orders in time to respond before the deadline. *Id.* Plaintiff states: "Please let Fifth Circuit know it not my fault." *Id.* The two appellate cases that Plaintiff references are appeals of other cases – not any appeal in this case.[1]

---

[1] Plaintiff states that the two appeals are case numbers 24-20106 and 24-20110. Review of the Fifth Circuit's docket sheets in those cases reveals that the appeals arise from two lawsuits that Plaintiff filed in the Houston Division. *See Adams v. Lumpkin*, No. 24-20106 (5th Cir.) (appealing decision in Southern District of Texas case number 4:24-cv-694, a successive habeas case); *Adams v. Lumpkin*, No. 24-20110 (5th Cir.) (appealing decision in Southern District of Texas case number 4:24-cv-00688, also a successive habeas case).

The district court should deny Plaintiff's motion for injunction (Doc. No. 75). The district court has already issued final judgment in this case (Doc. No. 64) and the Fifth Circuit has already dismissed Plaintiff's appeal for want of prosecution. (Doc. No. 74.) Additionally, the district court has already once denied a previous motion by Plaintiff to reinstate this case. (Doc. No. 73.) Further, Plaintiff's request for injunction asks this Court to provide notice to the Fifth Circuit with regard to two cases that are unrelated to this lawsuit. Plaintiff does not need – and does not merit – any action from this Court in this case with regard to those two unrelated cases. *See Robinson v. Hunt Cnty., Tex.*, 921 F.3d 440, 451 (5th Cir. 2019) (injunction standard).

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas. A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on June 7, 2024.

_____
MITCHEL NEUROCK
United States Magistrate Judge